# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# HELENA DIVISION

**LEE MADDEN, JR.,**                                                    **PLAINTIFF**
**ADC #136534**

v.                 **CASE NO: 2:10CV00171 BSM-HDY**

**FELICIA BELL**                                                   **DEFENDANT**

## ORDER

Plaintiff Lee Madden, Jr. is currently being held at the Arkansas Department of Correction's East Arkansas Regional Unit. On October 21, 2010, Madden filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 [Doc. No. 2], along with an affidavit of indigency. [Doc. No. 1].

Because Madden's complaint must be dismissed, without prejudice, pursuant to the three-strikes provision of the Prison Litigation Reform Act ("PLRA"), Madden is not entitled to *in forma pauperis* status, and to the extent his affidavit may be considered an application for leave to proceed *in forma pauperis*, it is denied.

Under the three-strikes provision of the PLRA, a prisoner's *in forma pauperis* action must be dismissed, *sua sponte* or upon a motion of a party, if the prisoner has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The Eighth Circuit has explicitly upheld the constitutionality of the three-strikes provision. *Higgins v. Carpenter*,

258 F.3d 797, 801 (8th Cir. 2001).

Records in the office of the Clerk of Court for the Eastern District of Arkansas reveal that Madden has had more than three prior civil actions dismissed for failure to state a claim upon which relief may be granted. *See Madden v. Jackson*, No. 5:08CV00090-SWW; *Madden v. U.S.A.*, No. 4:09CV00648-JMM; *Madden v. Arkansas Department of Correction*, No. 5:09CV00175-JMM; *Madden v. Norris*, No. 5:09CV00200-WRW. Madden's previous strikes have been recognized throughout the Eastern District. *See Madden v. Arkansas*, No. 2:09CV00157-JLH (Doc. No. 3) (E.D. Ark. Oct. 16, 2009); *Madden v. Fault*, No. 2:10CV00086-JMM (Doc. No.7) (E.D. Ark. Jul. 27, 2010); *Madden v. Foreman*, No. 2:10CV00107-JLH (Doc. No. 5) (E.D. Ark. Aug. 2, 2010); *Madden v. Norris*, No. 5:10CV00231-SWW (Doc. No. 4) (E.D. Ark. Aug. 18, 2010).

Additionally, based on the allegations contained in his present complaint, it does not appear that Madden is in imminent danger of serious physical injury. Although Madden's complaint contains a variety of unrelated claims and complaints dating to more than four years ago, defendant Felicia Bell's role appears to be limited to charging Madden with a disciplinary violation. Madden also complains of certain conditions in an isolation cell.

IT IS THEREFORE ORDERED THAT:

1. Madden's complaint is DISMISSED WITHOUT PREJUDICE. Should he wish to continue this case, Madden must submit the statutory filing fee of $350 to the Clerk of the Court, noting the above case style number, within thirty (30) days of the entry date of

this order, along with a motion to reopen the case. Upon receipt of the motion and full payment, this case will be reopened.

  2.  All pending motions are DENIED.

  3.  Furthermore, it is CERTIFIED that an *in forma pauperis* appeal from this order or any judgment entered hereunder would not be taken in good faith.

  DATED this 29th day of October, 2010.

               */s/ Brian S. Miller*
               UNITED STATES DISTRICT JUDGE